IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TAVARIS SAMUELS,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )      CV 113-084
                                    )
SCOTT CRICKMAR,                     )
                                    )
            Respondent.             )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Hays State Prison in Trion, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.    BACKGROUND

On April 28, 2009, a Richmond County grand jury indicted Petitioner for one count of malice murder, one count of felony murder, one count of armed robbery, and one count of possession of a firearm. (Doc. no. 14-7, pp. 47-49.) In a second case, on May 12, 2009, a Richmond County grand jury indicted Petitioner for one count of burglary, one count of robbery, one count of theft by receiving stolen property, and one count of possession of a firearm by a convicted felon. (Doc. no. 14-6, pp. 54-56.)

Petitioner's attorney, Amanda Grantham (nee Hudock), moved for, and petitioner received a competency evaluation. (Doc. no. 14-8, pp. 17, 25-26; doc. no. 14-7, pp. 4, 16, 50; doc. no. 14-6, pp. 25, 57.) The evaluation revealed Petitioner was competent and had no

mental illnesses or defects. (Doc. no. 14-3, p. 7.) Upon receiving these results, Ms. Grantham entered into plea negotiations with the State. (Id.) On January 26, 2010, Petitioner pled guilty to each charge from the first indictment and the charge of robbery from the second indictment. (Doc. no. 14-6, pp. 57-58; doc. no. 14-7, pp. 1-4, 50; doc. no. 14-8, pp. 1-5.)

Petitioner was sentenced to life in prison, plus five years, calculated as follows: a term of life imprisonment for felony murder; twenty years for armed robbery, to run concurrent to the to the single count for felony murder; five years for possession of a firearm during the commission of a crime, consecutive to all counts; and ten years for robbery, to run concurrently with all counts. (Doc. no. 14-7, pp. 7, 44.) The single count of malice murder merged with the single count of felony murder for sentencing purposes and the remaining charges of the second indictment were dismissed through an order of *nolle prosequi*. (Id.) Petitioner did not file a direct appeal of his convictions.

On October 25, 2010, Petitioner filed a state habeas corpus petition asserting five claims in Lowndes County Superior Court, which was transferred to Baldwin County on February 14, 2011 when Petitioner transferred to Baldwin State Prison. (Doc. no. 14-1, pp. 1-5.) Before the transfer, he amended his petition on January 24, 2011, adding four additional claims. (Doc. no. 14-2, pp. 1-3.) In all, Petitioner asserted the following nine claims:

(1)     He is being held unlawfully because "the doctor who testified to the substantial and more factual probability that the alleged murder was more than the appearance of an accidental occurrence rather than malice aforethought as an essential element to a charge of malice murder;"

(2)     The trial court and his counsel erred by failing to inform petitioner of his right to appeal under O.C.G.A. § 5-6-34;

(3)     His counsel was ineffective, in that counsel:

    (a)     Should have raised the defense of involuntary manslaughter;

    (b)     Failed to investigate the case;

    (c)     Was aware that Petitioner had no general understanding of the law or any idea as to counsel's misrepresentation and counsel's primary attention was concentrated upon a guilty plea instead of properly preparing the case;

    (d)     Refused to provide Petitioner with a psychiatrist at the guilty plea hearing;

    (e)     Did not move to withdraw Petitioner's guilty plea or inform him that he had the right to do so;

    (f)     Did not move to withdraw Petitioner's guilty plea or inform him that he had the right to do so after she failed to bring up his mental health history and insist on a *sua sponte* competency hearing; and

    (g)     Did not inform trial court of Petitioner's diagnosed "irresistible impulse" disorder.

(Doc. no. 14-1, pp. 1-5; doc. no. 14-2, pp. 1-3.)  Following an evidentiary hearing on July 20, 2010, the state habeas court denied the petition on August 14, 2012.  (Doc. no. 14-6, pp. 1-34; doc. no. 14-3.)

The state habeas court provided the following description of facts underlying the offenses when assessing Petitioner's ineffective assistance of counsel claims:

. . . Petitioner and a co-defendant were driving around Augusta one night. Their girlfriends were in the back seat.  One of the girlfriends saw the victim wearing a gold chain.  The girlfriend commented on the necklace and, suddenly, the co-defendant pulled over.  When the co-defendant got out of the car, he attempted to rob the victim.  However, the victim fought back. Petitioner saw that the co-defendant was struggling with the victim.  When Petitioner saw this, he got out of the car, pointed a gun, and shot the victim in the head.  Petitioner and his co-defendant then fled the scene.

(Doc. no. 14-3, p. 4.)  The state habeas court found that Petitioner had waived Ground One by entering a guilty plea because Petitioner's admission that he was in fact guilty of the

offense with which he was charged and the ensuing conviction constituted all the factual and legal elements necessary to sustain a binding, final judgment of guilt. (Id. at 2-3.) As to his ineffective assistance of counsel claims, the state habeas court found that Petitioner had not shown that Ms. Grantham had committed any error and, therefore, there could not have been any prejudice. (Id. at 3-8.) Lastly, the state habeas court found that Ground Two provided Petitioner no basis for relief because he had no state or federal constitutional right to a direct appeal in his case, however, counsel had advised Petitioner of the avenue of pursuing an appeal. (Id. at 8-9.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on April 15, 2013. (Doc. nos. 14-4, 14-5.)

Petitioner then timely filed his original § 2254 petition on May 17, 2013, an amended petition on June 28, 2013, and a brief in support on August 7, 2013. (See doc. nos. 1, 9, 11, 12.) Petitioner's raises the following grounds for relief:

(1) "Affidavit" in which Petitioner alleges that the "the doctor who testified to the substantial and more factual probability that the alleged murder was more than the appearance of an accidental occurrence rather than malice aforethought as an essential element to a charge of malice murder";

(2) Petitioner received ineffective assistance of counsel, in that the totality of the evidence does not support the plea that counsel "misled" Petitioner into accepting because counsel failed to raise the defense of:

(a) Voluntary manslaughter; and

(b) Involuntary manslaughter;

(3) Petitioner received ineffective assistance of counsel, in that "counsel did not investigate Petitioner's case; counsel failed to pursue all avenues based on established favorable facts and evidence brought out by co-defendant's trial; Testimony from a doctor that had nothing to gain by giving testimony of material and substantial facts;"

(4) Petitioner received ineffective assistance of counsel, in that counsel

failed:

> (a) To move to withdraw Petitioner's guilty plea pursuant to O.C.G.A. §§ 17-7-93(b), 22-14-1, to correct manifest injustice;
>
> (b) To inform Petitioner of his right to withdraw his guilty plea pursuant to those statutes; and
>
> (c) To inform Petitioner of his right to appeal;

(5) Petitioner received ineffective assistance of counsel, in that counsel was "fully" aware that he "had absolutely no general understanding of the law" or any idea of the nature of counsel's "misleading" in the guilty plea or "misrepresentation in the legal process";

(6) Petitioner received ineffective assistance of counsel, in that counsel refused to provide Petitioner with a psychological evaluation prior to the guilty plea hearing;

(7) The trial court violated his due process rights by failing to provide a mental evaluation by a psychiatrist of Petitioner's choosing;

(8) Petitioner received ineffective assistance of counsel, in that counsel "hid" Petitioner's right to appeal any of the pre-plea hearing process or the voluntariness of his plea;

(9) The trial court's failure to inform Petitioner of his right to appeal any portion of the pre-plea hearing process or the voluntariness of his plea deprived Petitioner of his state-created liberty interest under O.C.G.A. § 5-6-34;

(10) Petitioner received ineffective assistance of counsel, in that counsel:

> (a) "Fail[ed] to inform him of his right to withdraw guilty plea;" and
>
> (b) "Failed to bring up Petitioner's Mental Health history records and to insist upon a 'sua sponte' competency hearing to see if [] Petitioner was competent to stand trial."

(Doc. no. 9, pp. 5-16.)

## II.    STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting Richter, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly

established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Richter, 131 S. Ct. at 786-87 ("[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013) *cert. denied*, 133 S. Ct. 2742 (2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 301 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden

of rebutting that presumption "by clear and convincing evidence."  See also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.") (internal quotation marks omitted).

III.  **DISCUSSION**

A.  **Petitioner's Claims Concerning His Counsel's Ineffective Assistance for Failing to Raise the Defense of Voluntary Manslaughter and the Trial Court's Alleged Failure to Provide a Mental Evaluation Are Procedurally Defaulted and Do Not Entitle Petitioner to Federal Habeas Relief.**

1.  **A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  Furthermore, a

petitioner's failure to exhaust his claims properly ripens into a procedural default once state

remedies are no longer available. <u>McNair v. Campbell</u>, 416 F.3d 1291, 1305 (11th Cir. 2005)

("It is well established that when a petitioner has failed to exhaust his claim by failing to

fairly present it to the state courts and the state court remedy is no longer available, the

failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two

ways, depending on whether the claim is an old one the petitioner already attempted to assert

unsuccessfully in state court, or a new one the petitioner never attempted to raise in state

court. First, a federal habeas petitioner cannot revive an old claim that a state court

previously denied on procedural grounds. "As a general rule, a federal habeas court may not

review state court decisions on federal claims that rest on state law grounds, including

procedural default grounds, that are 'independent and adequate' to support the judgment."

<u>Boyd v. Comm'r, Alabama Dep't of Corr.</u>, 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests upon "independent and adequate" state procedural

grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and
> expressly say that it is relying on state procedural rules to resolve the federal
> claim without reaching the merits of the claim. Second, the state court
> decision must rest solidly on state law grounds, and may not be intertwined
> with an interpretation of federal law. Finally, the state procedural rule must
> be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented
> fashion. The state court's procedural rule cannot be "manifestly unfair" in its
> treatment of the petitioner's federal constitutional claim to be considered
> adequate for purposes of the procedural default doctrine.

<u>Id.</u> at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has

made clear that "a state procedural bar may count as an adequate and independent ground for

denying a federal habeas petition even if the state court had discretion to reach the merits

despite the default." <u>Walker v. Martin</u>, 131 S. Ct. 1120, 1125 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." <u>Smith v. Jones</u>, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." <u>Snowden v. Singletary</u>, 135 F.3d 732, 736 (11th Cir. 1998); <u>see also</u> <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1305 (11th Cir. 1999) ("federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile"). To determine whether a claim is procedurally barred in this way, the federal court must "ask whether any attempt [the petitioner] now makes to exhaust his claims in [state] courts would be futile under [the state's] procedural default doctrine." <u>McKee v. Burnett</u>, CV 407-065, 2007 WL 4299995, at *4 (S.D. Ga. Dec. 6, 2007) (citing <u>Snowden</u>, 135 F.3d at 737).

Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

**2.** **Petitioner's Claims Concerning His Counsel's Ineffective Assistance for Failing to Raise the Defense of Voluntary Manslaughter and the Trial Court's Alleged Failure to Provide a Mental Evaluation Are Procedurally Defaulted.**

In subsection a of Ground Two, Petitioner claims that he received ineffective assistance of counsel, in that the totality of the evidence does not support the plea that counsel "misled" Petitioner into accepting because counsel failed to raise the defense of voluntary manslaughter. (Doc. no. 9, p. 6.) In Ground Seven, Petitioner alleges the trial court violated his due process rights by failing to provide him with a mental evaluation by a psychiatrist of Petitioner's choosing. (Id. at 15.) Because these claims were not raised in the original state habeas petition and Petitioner would be procedurally barred if he attempted to raise them now in state court, they are procedurally defaulted and provide no basis for federal habeas relief. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

**3.** **Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims and the Miscarriage of Justice Exception Does Not Apply.**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted). For example, procedural default does not preclude federal habeas review when: (1) state law or state practice operates such that ineffective assistance of trial counsel claims must be raised for the first time on collateral review, (2) such claims are procedurally barred from

subsequent review if they are not raised in the initial collateral proceeding, (3) the petitioner was without counsel in the initial collateral proceeding or habeas counsel provided ineffective assistance, and (4) the defaulted ineffective assistance of trial counsel claims are substantial. Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013); Martinez v. Ryan, 132 S. Ct. 1309, 1318-20 (2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496. In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 133 S.Ct. 1924, 1933 (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner has presented no justification for failing to raise these claims in his state habeas proceedings, let alone something external to him that cannot be fairly attributed to him. Petitioner had the opportunity to challenge trial counsel's performance in his state habeas proceedings. As such, the exception described in Trevino and Martinez does not apply in this case. See Trevino, 133 S. Ct. at 1921; Martinez, 132 S. Ct. at 1318-20. Accordingly, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of these claims. Likewise Petitioner has not shown that a miscarriage of justice will occur if the Court does not consider these claims. Accordingly,

Petitioner's claims concerning his counsel's alleged ineffective assistance for failing to raise the defense of voluntary manslaughter and the trial court's alleged violation of his due process rights by failing to provide him with a mental evaluation, which Petitioner did receive, in the instant § 2254 petition have been defaulted and provides no basis for federal habeas relief.

   **B.     Petitioner Is Not Entitled to Federal Habeas Relief Based on His Claim Concerning the Trial Court's Alleged Failure to Inform Him of His Right to Appeal, Because the State Habeas Court Properly Rejected This Claim.**

In Ground Nine of his federal habeas petition, Petitioner alleges that the trial court deprived him of his state-created liberty interest under O.C.G.A. § 5-6-34 because it failed to inform Petitioner of his right to appeal any portion of the pre-plea hearing process or the voluntariness of his plea. (Doc. no. 9, p. 15.) O.C.G.A. § 5-6-34 provides that final judgment in superior courts can be appealed. The state habeas court determined that neither the state nor federal constitution provides Defendant a right to a direct appeal in a state criminal case, and therefore the trial court had no duty to advise Defendant of this avenue. (Doc. no. 14-3, pp. 8-9.) In support of this conclusion, the court cited <u>Smith v. Robbins</u>, 528 U.S. 259, 270 n.5 (2000), <u>Ross v. Moffitt</u>, 417 U.S. 600, 606 (1974), and <u>State v. Thomas</u>, 392 S.E.2d 520 (Ga. 1990). Additionally, the state habeas court found that Ms. Grantham advised Petitioner of the avenue of pursuing an appeal. (<u>Id.</u> at 9.)

Here in addressing Petitioner's claim in Ground Nine, the state habeas court did not reach a result contrary to a Supreme Court case with materially indistinguishable facts. Nor did the Georgia Supreme Court apply a rule that contradicts the governing law as set forth in Supreme Court precedent; to the contrary, the Georgia Supreme Court properly applied <u>Smith</u> and <u>Ross</u> in its analysis of Petitioner's claim.

The federal constitution does not bestow upon a defendant the right to a direct appeal in a state criminal case.  See Smith, 528 U.S. at 270 n.5 ("The Constitution does not . . . require States to create appellate review in the first place."); Ross, 417 U.S. at 606 ("[A]" State is not required to provide any appeal at all for criminal defendants."); Jaheni v. Smith, No. CV 107-075, 2008 WL 6691594, at *9 n.12 (S.D. Ga. Dec. 9, 2008) *report and recommendation adopted*, No. CV 107-075, 2009 WL 2386049 (S.D. Ga. July 31, 2009) and *report and recommendation adopted*, No. CV 107-075, 2009 WL 2501988 (S.D. Ga. Jan. 5, 2009) *vacated*, No. CV 107-075, 2009 WL 2386049 (S.D. Ga. July 31, 2009) (same).  The Georgia Supreme Court has also stated that "[n]othing in the State or Federal Constitution grants a defendant a right to appellate review."  Thomas v. State, 260 Ga. 262, 263, 392 S.E.2d 520, 522 (1990).

Petitioner fails to establish that the state habeas court's decision to reject his argument about the trial court's duty to inform him of his "right" to appeal was "contrary to" or "an unreasonable application of" Smith or Ross.  28 U.S.C. § 2254(d)(1).  Indeed, as the state habeas court found, Petitioner has no constitutional right to a direct appeal and the statute itself does not impose upon the trial court a duty to inform Defendant of his right to appeal.  Moreover, as discussed *infra*, Ms. Grantham advised Petitioner of the avenue of pursuing a direct appeal.

Furthermore, Petitioner has not established that the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding.  28 U.S.C. § 2254(d)(2).  Petitioner also offers no additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual

determinations. 28 U.S.C. § 2254(e)(1). Accordingly, Petitioner is not entitled to federal habeas relief in connection with his claim in Ground Nine.

> ### C. Federal Habeas Relief Is Not Warranted with Respect to Petitioner's Claim Concerning the Doctor's Affidavit Because the State Habeas Court Properly Rejected this Claim.

Petitioner alleges in Ground One, entitled "affidavit," that "the doctor who testified to the substantial and more factual probability that the alleged murder was more than the appearance of an accidental occurrence rather than malice aforethought as an essential element to a charge of malice murder." (Doc. no. 9, p. 5.) The claim itself is not a model of clarity. However, when considered in light of Ground Three of the petition, as discussed *infra*, Petitioner appears to complain that, had he opted for trial instead of a plea, he would have benefitted from the testimony of a physician that the facts suggested manslaughter rather than malice murder. Applying the standards set forth in U.S. v. Broce, 488 U.S. 563 (1989), and Tollett v. Henderson, 411 U.S. 258 (1973), the state habeas court determined that Petitioner waived this claim by entering a guilty plea. (Doc. no. 14-3, pp. 2-3.)

Here in addressing Petitioner's claim in Ground One, the state habeas court did not reach a result contrary to a Supreme Court case with materially indistinguishable facts. Nor did the Georgia Supreme Court apply a rule that contradicts the governing law as set forth in Supreme Court precedent; to the contrary, the Georgia Supreme Court properly applied Broce and Tollett in its analysis of Petitioner's claim.

Because Petitioner is attempting to challenge a conviction entered pursuant to a guilty plea, the range of claims he may present in a federal petition is quite limited:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the

proceeding, the inquiry is ordinarily confined to whether the underlying plea
was both counseled and voluntary.  If the answer is in the affirmative then the
conviction and the plea, as a general rule, foreclose the collateral attack.

Broce, 488 U.S. at 569.

"When a criminal defendant has solemnly admitted in open court that he is in fact
guilty of the offense with which he is charged, he may not thereafter raise independent claims
relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty
plea." Tollett, 411 U.S. at 267; see also U.S. v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003)
("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the
proceedings.").  "If a defendant understands the charges against him, understands the
consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced
to do so, the guilty plea . . . will be upheld on federal review."  Stano v. Dugger, 921 F.2d
1125, 1141 (11th Cir. 1991).

Because Petitioner does not challenge the knowing and voluntary nature of his guilty
plea, the state habeas court properly found that Petitioner waived Ground One by entering a
knowing and voluntary guilty plea, and it must fail.  Broce, 488 U.S. at 569; Tollett, 411 U.S.
at 267.  Indeed, Plaintiff is attempting to assert that he is not guilty of the offense and could
have used the testimony of the physician had he gone to trial, but by pleading guilty, he
"admitted in open court he is in fact guilty of the offense," and the record demonstrates that
he understood the charges against him and that by pleading guilty he was giving up the right
to have witnesses whom he felt would testify on his behalf come to court.  See Tollett, 411
U.S. at 267; doc. no. 14-7, p. 2.

Moreover, Petitioner has not established that the state habeas court's finding of
waiver was "based on an unreasonable determination of the facts in light of the evidence

16

presented" at the state proceeding.  28 U.S.C. § 2254(d)(2).  Petitioner also offers no

additional evidence, let alone "clear and convincing evidence," to contradict any of the state

habeas court's factual determinations.  28 U.S.C. § 2254(e)(1).  Indeed, a review of the

record, including the plea agreement and the change of plea hearing, demonstrates that

Petitioner understood the charges against him, understood the consequences of a guilty plea,

and voluntarily choose to plead guilty, without being coerced to do so, (see doc. no. 14-6, pp.

57-58; doc. no. 14-7, pp. 1-5, 15-41, 50; doc. no. 14-8, pp. 1-6).  See Stano, 921 F.2d at 1141.

Accordingly, Petitioner is not entitled to federal habeas relief in connection with his claim in

Ground One.

> **D.** **Petitioner's Remaining Claims Do Not Provide a Basis for Relief Because the State Court's Decision Denying Petitioner's Ineffective Assistance Claims Are Entitled to Deference under AEDPA.**

> **1.** **Under Strickland v. Washington, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims.**

 Ineffective assistance of counsel claims are subject to the two-part test enunciated in

Strickland v. Washington, 466 U.S. 668 (1984).  See Richter, 131 S. Ct. at 785.  Petitioner

must show that counsel was constitutionally ineffective under the two prongs of Strickland

by proving defense counsel's performance was deficient and prejudicial.  Under the first

prong, Petitioner must show that "counsel's representation fell below an objective standard of

reasonableness."  Strickland, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a

strong presumption of competence, and the court must give significant deference to the

attorney's decisions."  Hagins v. U.S., 267 F.3d 1202, 1204-05 (11th Cir. 2001).  Strategic

decisions are entitled to a "heavy measure of deference."  Strickland, 466 U.S. at 691.

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion

– though the presumption is not insurmountable – is a heavy one."  Fugate v. Head, 261 F.3d

1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985); see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. U.S., 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (*per curiam*). In assessing whether a habeas petitioner has met this standard, the Supreme Court has emphasized the

"fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, to succeed in his federal habeas corpus challenge to his state court convictions via a guilty plea entered on the advice of counsel, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

Furthermore, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. 685 at 699. Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem review is doubly so." Richter, 131 S. Ct. at 788 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas"). Put another way, "[t]he Strickland standard is a general one, so the range of reasonable applications is substantial." Id.

Applying these standards to the ineffective assistance of counsel claims Petitioner unsuccessfully raised in his state habeas petition and reasserts in subsection b of Ground Two and Grounds Three through Six, Eight, and Ten, Petitioner has not shown that federal habeas relief is warranted.

### 2. The State Habeas Court's Application of <u>Strickland</u> to Petitioner's Ineffective Assistance of Counsel Claims Was Not Objectively Unreasonable.

In subsection b of Ground Two, and Grounds Three through Six, Eight, and Ten, Petitioner contends that Ms. Grantham rendered ineffective assistance. Petitioner provides no supporting arguments in his filings, but merely reiterates his conclusory statement that Ms. Grantham was ineffective. (<u>See</u> doc. nos. 9, 11.) The state habeas court rejected these claims on the merits, concluding that Petitioner failed to establish that Ms. Grantham's performance was deficient or prejudicial. (Doc. no. 14-3, pp. 4-9.) As explained in detail below, Petitioner has failed to carry his heavy burden of showing he is entitled to federal habeas relief on any of these claims.

#### a. Failure to Raise Involuntary Manslaughter Defense.

In subsection b of Ground Two, Petitioner contends that Ms. Grantham rendered ineffective assistance for failing to raise the defense of involuntary manslaughter. (Doc. no. 9, p. 6-7.) The state habeas court denied Petitioner's claim on the merits, analyzing it under <u>Strickland</u> and <u>Hill</u>. (Doc. no. 14-3, pp. 4-8.) The state habeas court determined Ms. Grantham was not ineffective for failing to raise an involuntary manslaughter defense because she conducted an adequate investigation and reasonably concluded there was no viable basis for an involuntary manslaughter defense in light of the evidence and facts of the case. (<u>Id.</u>) Just as importantly, Ms. Grantham attempted to negotiate a manslaughter charge with the prosecutor, but it was rejected. (<u>Id.</u>) Instead, the prosecutor counter-offered the plea deal that Petitioner accepted, and upon which he was convicted and sentenced. (<u>Id.</u> at 6.) Moreover, "Petitioner was intent on pleading guilty throughout the entire course of counsel's representation." (<u>Id.</u> at 8.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under <u>Strickland</u> or <u>Hill</u>. (<u>Id.</u> at 6-8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under <u>Strickland</u> and <u>Hill</u> by finding that his trial counsel provided effective assistance, and that there was insufficient factual basis for an involuntary manslaughter defense. In sum, there is nothing to suggest the state habeas court's analysis was contrary to <u>Strickland</u> or <u>Hill</u>, or that the court unreasonably applied the standards of <u>Strickland</u> or <u>Hill</u> to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on subsection b of Ground Two of the instant petition. <u>See</u> 28 U.S.C. § 2254(d).

**b.     Failure to Investigate and Pursue All Avenues.**

In Ground Three, Petitioner contends that Ms. Grantham rendered ineffective assistance, in that "counsel did not investigate Petitioner's case; counsel failed to pursue all avenues based on established favorable facts and evidence brought out by co-defendant's trial; Testimony from a doctor that had nothing to gain by giving testimony of material and substantial facts." (Doc. no. 9, p. 8.) As discussed *supra*, the only reasonable construction of Ground Three is to read it in conjunction with Ground One, where Petitioner alleges the doctor's testimony supports a finding of the murder being accidental without any malice or forethought. Like subsection b of Ground Two, this ground essentially alleges that Ms. Grantham failed to raise and properly investigate the involuntary manslaughter defense. This ground thus fails for the same reasons as subsection b of Ground Two.

The state habeas court denied Petitioner's claim on the merits, analyzing it under <u>Strickland</u> and <u>Hill</u>. (Doc. no. 14-3, pp. 4-7.) The state habeas court determined that Ms. Grantham sufficiently investigated Petitioner's case and possible defenses. (<u>Id.</u>) Indeed, Ms.

Grantham sought a psychiatric evaluation for Petitioner because, from the beginning of her representation, he expressed "an extreme amount of remorse and strongly desired to plead guilty." (Id. at 4-5.) After Petitioner was deemed competent to stand trial and had no mental illness or defect, Ms. Grantham met with Petitioner and reviewed the State's discovery with him. (Id. at 5.) Petitioner was not able to provide Ms. Grantham with any names of any other witnesses or evidence. (Id.) Ms. Grantham and Petitioner made a list of possible defenses, but counsel found none to be viable because of the State's witnesses and Petitioner's incriminating statements. (Id.) Moreover, because Petition was intent on pleading guilty, Ms. Grantham negotiated the plea deal that Petitioner accepted. (Id.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under Strickland or Hill. (Id. at 6-8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under Strickland and Hill by finding that his trial counsel provided effective assistance, and that she sufficiently investigated Petitioner's case and possible defenses. In sum, there is nothing to suggest the state habeas court's analysis was contrary to Strickland or Hill, or that the court unreasonably applied the standards of Strickland or Hill to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Three of the instant petition. See 28 U.S.C. § 2254(d).

        **c.**     **Failure to Withdraw Guilty Plea or Inform Petitioner of His Right to Withdraw Guilty Plea or Appeal.**

In Ground Four, Petitioner contends that Ms. Grantham rendered ineffective

assistance for failing to (1) move to withdraw Petitioner's guilty plea pursuant to O.C.G.A. §§ 17-7-93(b), 22-14-1, to correct manifest injustice, (2) inform Petitioner of his right to withdraw his guilty plea pursuant to those statutes, and (3) inform Petitioner of his right to appeal. (Doc. no. 9, pp. 9-10.) O.C.G.A. § 17-7-93(b) provides, "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'" O.C.G.A. § 22-14-1 does not exist. However, Georgia law does permit a Defendant to withdraw a guilty plea post-judgment, but only when necessary to correct a manifest injustice. See, e.g., Ramsey v. State, 600 S.E.2d 399 (Ga. Ct. App. 2004).

The state habeas court determined that Ms. Grantham was not ineffective for failing to move to withdraw Petitioner's guilty plea or advise him of his right to withdraw his guilty plea because Petitioner was unfailing in his desire to plead guilty throughout Ms. Grantham's representation. (Id. at 8.) Indeed, Petitioner was so intent on pleading guilty that Ms. Grantham requested the trial court order a psychiatric evaluation to ensure Petitioner was competent to stand trial. (Id. at 7.) The evaluation revealed Petitioner was competent and had no mental illnesses or defects. (Id.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under Strickland or Hill. (Id. at 6-8.) Nor did Petitioner establish, pursuant to Hill, that but for Ms. Grantham's alleged failure to withdraw his plea or inform him of his right to do so, he would not have pled guilty, but would have gone to trial. (Id. at 8.)

Next, the state habeas court determined that Ms. Grantham was not ineffective for failing to inform Petitioner of his right to appeal because she "did advise Petitioner about any appeal that Petitioner might make, moving forward." (Id. at 7.) Moreover, the state habeas court found that even if she had not informed him of his right to appeal, Ms. Grantham did not have a duty to advise him of this right because "[a] criminal defendant has no unqualified

23

right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea." Smith v. State, 470 S.E.2d 436, 437 (Ga. 1996). Instead, "[a] direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea 'only if the issue on appeal can be resolved by facts appearing in the record.'" Id. Furthermore, the state habeas court found that Petitioner failed to establish, pursuant to Hill, that but for Ms. Grantham's alleged failure to inform him of his right to appeal, he would not have pled guilty, but would have gone to trial. (Id. at 8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under Strickland and Hill by finding that trial counsel provided effective assistance, that she advised Petitioner about any appeals he could make, and she did not withdraw Petitioner's guilty plea or advise him of his right to withdraw his guilty plea because he was intent on his desire to plea guilty throughout her representation. In sum, there is nothing to suggest the state habeas court's analysis was contrary to Strickland or Hill, or that the court unreasonably applied the standards of Strickland or Hill to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Four of the instant petition. See 28 U.S.C. § 2254(d).

### d.     Failure to Inform Petitioner of His Right to Appeal.

In Ground Eight, Petitioner contends that Ms. Grantham rendered ineffective assistance by "hiding" Petitioner's right to appeal any of the" pre-plea hearing process" or the voluntariness of his plea. (Doc. no. 9, p. 15.) The state habeas court denied Petitioner's claim on the merits, analyzing it under Strickland and Hill. (Doc. no. 14-3, pp. 4-9.) As

discussed *supra*, the state habeas court determined that Ms. Grantham was not ineffective for failing to inform Petitioner of his right to appeal the "pre-plea hearing process" or plea because she "did advise Petitioner about any appeal that Petitioner might make, moving forward." (Id. at 7.) Moreover, the state habeas court found that, even if she had not informed him of his right to appeal, Ms. Grantham did not have a duty to advise him of this right because "[a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea." Smith, 470 S.E.2d at 437. Instead, "[a] direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea 'only if the issue on appeal can be resolved by facts appearing in the record.'" Id. Furthermore, the state habeas court found that Petitioner failed to establish, pursuant to Hill, that but for Ms. Grantham's alleged failure to inform him of his right to appeal, he would not have pled guilty, but would have gone to trial. (Id. at 8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under Strickland and Hill by finding that trial counsel provided effective assistance and that she advised Petitioner about any appeals he could make. In sum, there is nothing to suggest the state habeas court's analysis was contrary to Strickland or Hill, or that the court unreasonably applied the standards of Strickland or Hill to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Eight of the instant petition. See 28 U.S.C. § 2254(d).

**e.** **Failure to Inform of Right to Withdraw Guilty Plea and Insist Upon a Competency Hearing and Attempt to Prove that Defendant Was Incompetent.**

In Ground Ten, Petitioner contends Ms. Grantham rendered ineffective assistance because she (1) "fail[ed] to inform him of his right to withdraw [his] guilty plea," and (2) "failed to bring up Petitioner's Mental Health history records and to insist upon a '*sua sponte*' competency hearing to see if [] Petitioner was competent to stand trial." (Doc. no. 9, pp. 15-16.) The first subsection of Ground Ten is identical to Ground Four, which is discussed *supra*. As to the second subsection, the state habeas court determined that Ms. Grantham was not ineffective for failing to present Petitioner's mental health records and insist on a *sua sponte* competency hearing because Ms. Grantham did request that the trial court order a psychiatric evaluation to ensure Petitioner was competent to stand trial. (Id. at 7.) The evaluation revealed Petitioner was competent and had no mental illnesses or defects. (Id.) Because of what this evaluation revealed, the state habeas court found meritless Petitioner's contention in subsection b of Ground Ten. (Id.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under Strickland or Hill. (Id. at 6-8.) Nor did Petitioner establish, pursuant to Hill, that but for Ms. Grantham's alleged ineffective assistance, he would not have pled guilty, but would have gone to trial. (Id. at 8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under Strickland and Hill by finding that (1) trial counsel provided effective assistance, (2) she did not advise Petitioner of his right to withdraw his guilty plea because he was intent on his desire to plead guilty throughout her

26

representation, and (3) she did attempt to prove that Defendant was incompetent, but Petitioner's evaluation, which she requested, revealed he was competent to stand trial. In sum, there is nothing to suggest the state habeas court's analysis was contrary to <u>Strickland</u> or <u>Hill</u>, or that the court unreasonably applied the standards of <u>Strickland</u> or <u>Hill</u> to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Ten of the instant petition. <u>See</u> 28 U.S.C. § 2254(d).

### f. Misrepresentation.

In Ground Five, Petitioner contends that Ms. Grantham rendered ineffective assistance in that she was "fully" aware that he "had absolutely no general understanding of the law" or any idea of the nature of her "misleading" in the guilty plea or "misrepresentation in the legal process." (Doc. no. 9, p. 15.) The state habeas court denied Petitioner's claim on the merits, analyzing it under <u>Strickland</u> and <u>Hill</u>. (Doc. no. 14-3, pp. 4-8.) The state habeas court determined that Ms. Grantham was not ineffective for allegedly being misleading in the guilty plea or misleading Petitioner in the legal process. (<u>Id.</u>) As discussed above, the state habeas court found that Ms. Grantham fully investigated the case, reviewed the State's discovery with Petitioner, discussed possible defenses with Petitioner, requested and received a mental evaluation for Petitioner, negotiated the plea deal Petitioner accepted when he expressed a desire to plead guilty, and advised Petitioner about any appeals. (<u>Id.</u>) Additionally, Ms. Grantham did not advise Petitioner of his right to withdraw his guilty plea because Petitioner was unfailing in his desire to plead guilty. (<u>Id.</u> at 8.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under <u>Strickland</u> or <u>Hill</u>, or that, pursuant to <u>Hill</u>, but for Ms. Grantham's alleged errors, he would not have pled guilty, but would have gone to trial. (<u>Id.</u> at 6-8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under <u>Strickland</u> and <u>Hill</u> by finding that his Ms. Grantham provided effective assistance. In sum, there is nothing to suggest the state habeas court's analysis was contrary to <u>Strickland</u> or <u>Hill</u>, or that the court unreasonably applied the standards of <u>Strickland</u> or <u>Hill</u> to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Five of the instant petition. <u>See</u> 28 U.S.C. § 2254(d).

### g. Failure to Provide Psychological Evaluation Prior to Guilty Plea.

In Ground Six, Petitioner contends that Ms. Grantham rendered ineffective assistance for refusing to provide Petitioner with a psychological evaluation prior to the guilty plea hearing. (Doc. no. 9, p. 15.) The state habeas court denied Petitioner's claim on the merits, analyzing it under <u>Strickland</u> and <u>Hill</u>. (Doc. no. 14-3, pp. 4-8.) The state habeas court determined that Ms. Grantham was not ineffective for failing to provide Petitioner a psychological evaluation prior to the guilty plea hearing because she did, in fact, request and Petitioner received a psychological evaluation prior to the guilty plea hearing. (<u>Id.</u>) Indeed, the results of this evaluation showed that Petitioner was competent to stand trial and had no mental illnesses or defects. (<u>Id.</u> at 5.) Thus, the state habeas court determined that Petitioner had failed to establish any actual prejudice under <u>Strickland</u> or <u>Hill</u>, or that, pursuant to <u>Hill</u>, but for Ms. Grantham's alleged errors, he would not have pled guilty, but would have gone to trial. (<u>Id.</u> at 6-8.)

Petitioner provides no argument in his § 2254 petition or subsequent brief in support that Ms. Grantham's performance fell below an objective standard of reasonableness, or that he suffered any prejudice due to her performance. As such, he provides no reason to believe the state habeas court erred in its analysis under <u>Strickland</u> and <u>Hill</u> by finding that his Ms. Grantham provided effective assistance, and that she did request a psychiatric evaluation for Petitioner prior to his guilty plea hearing. In sum, there is nothing to suggest the state habeas court's analysis was contrary to <u>Strickland</u> or <u>Hill</u>, or that the court unreasonably applied the standards of <u>Strickland</u> or <u>Hill</u> to Petitioner's ineffective assistance claim. Accordingly, the state habeas court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Six of the instant petition. <u>See</u> 28 U.S.C. § 2254(d).

## IV. CONCLUSION

Having considered all the relevant pleadings, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of August, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA